IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LOPEZ-PINONES,

     Petitioner,     CR. No.  S-04-0239 DFL KJM P
                              CIV. No. S-05-1219 DFL KJM P

  vs.

UNITED STATES OF AMERICA,

     Respondent.                ORDER

_____/

Petitioner moves to vacate his sentence under 28 U.S.C. § 2255. The motion is DENIED.

I.

On August 19, 2004, the court sentenced Pinones to forty-six months in prison after Pinones pled guilty to one count of violating 8 U.S.C. § 1326. Rather than stand trial, Pinones entered into a plea agreement with the government. In that agreement, Pinones and the government agreed to a forty-six month sentence. In addition, Pinones "specifically agree[d] not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any

aspect of his conviction or sentence." (Plea Agreement at 3.) On June 20, 2005, Pinones filed this § 2255 motion attacking the following aspects of his conviction and sentence: (1) the effectiveness of his counsel; (2) the legality of his sentence; and (3) the government's failure to comply with the plea agreement provisions. Because Pinones asserts that he did not knowingly sign the plea agreement, and because the government has not submitted a transcript of the plea colloquy, the court will bypass this factual determination and address the merits of the petition.

II.

Pinones argues that he received ineffective assistance of counsel in violation of the Sixth Amendment because counsel informed him of the wrong maximum sentence. Pinones asserts that his counsel advised him that the maximum sentence he faced was twenty years when the statutory maximum for a sentence under § 1326(a) is two years. Pinones is wrong.

Although § 1326(a) provides for a two year maximum sentence, § 1326(b) states that, notwithstanding the sentence limitation in § 1326(a), the statutory maximum sentence for an individual who is found guilty of violating § 1326 depends on several factors. In particular, § 1326(b)(2) provides a maximum sentence of twenty years for a prior felon who violates § 1326. There is no dispute that Pinones is a prior felon. Therefore, Pinones's counsel was correct to inform him that he could be sentenced to a maximum of twenty years in prison for violating § 1326. Pinones' general

1  assertion that counsel did not spend enough time with him, does
2  not show ineffective assistance.  For these reasons, the court
3  finds that Pinones has failed to show a violation of his Sixth
4  Amendment rights.
5       Similarly, Pinones's arguments that the forty-six month
6  sentence violates the statutory maximum and federal sentencing
7  guidelines also fail.  As discussed above, because Pinones was a
8  convicted felon when he violated § 1326, the maximum sentence he
9  could have received under the statute was twenty years.
10 Pinones's forty-six month sentence is well below the statutory
11 maximum and within the federal guideline range.
12      Finally, Pinones's assertion that the government failed to
13 reduce his offense level by four points for participating in an
14 early disposition program is patently false.  Pinones's Base
15 Offense Level was eight.  This was increased by sixteen points
16 for his felony conviction.  From this total of twenty-four
17 points, the government subtracted three points because Pinones
18 accepted responsibility and four points because the plea offer
19 was part of an authorized early disposition program.  This left
20 Pinones with a offense level of seventeen.  Because Pinones's
21 Criminal History Category was five, the sentencing range was
22 forty-six to fifty-seven months.  Thus, Pinones's sentence was at
23 the very bottom of the range that was based in part on a four
24 point reduction which resulted from the plea agreement.  There is
25
26

1  no violation of the plea agreement here.[1]

2  ///

3

4                                III.

5      For the reasons stated above, the court finds that Pinones

6  has failed to demonstrate that his sentence violated the

7  Constitution or a federal statute.  The petition is DENIED.

8  IT IS SO ORDERED.

9  DATED: 3/7/2006

                                        _____
                                        DAVID F. LEVI
                                        United States District Judge

---

[1]  Defendant attempts to raise an issue concerning the calculation of his criminal history.  He does not show that he raised this issue during sentencing.  Nor is the claim included the motion.  Accordingly, the court declines to address the argument.